THIS OPINION HAS NO PRECEDENTIAL
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
 EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.  
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Tracy Jim
 Edmonds, Appellant,
 
 
 

v.

 
 
 
 Brenda Joyce
 Edmonds, Respondent.
 
 
 

Appeal From Pickens County
Alvin D. Johnson, Family Court Judge

Unpublished Opinion No. 2012-UP-020
 Submitted January 3, 2012  Filed January
25, 2012

AFFIRMED

 
 
 
 J. Falkner Wilkes, of Greenville, for
 Appellant.
 Kirby Rakes Mitchell, of Greenville, for
 Respondent.
 
 
 

PER CURIAM: Tracy
 Jim Edmonds (Husband) appeals the final family court order modifying his
 alimony and awarding attorney's fees to Brenda Joyce Edmonds (Wife).  Husband argues
 the family court erred in (1) failing to terminate alimony retroactively and
 (2) awarding attorney's fees to Wife rather than Husband.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:
1. As to
 whether the family court erred in failing
 to terminate alimony retroactively: Riggs v. Riggs, 353 S.C. 230,
 236, 578 S.E.2d 3, 6 (2003) ("The modification of alimony is within the sound
 discretion of the family court and will not be overturned absent an abuse
 thereof."); Davis v. Davis, 372 S.C. 64, 79, 641 S.E.2d 446, 454
 (Ct. App. 2006) ("[T]he family court . . . may grant alimony in such
 amounts and for such term as the [court] considers appropriate under the
 circumstances."). 
2. As to
 whether the family court erred in awarding
 attorney's fees to Wife rather than Husband: Davis, 372 S.C. at 88, 641 S.E.2d at 458 ("An award of attorney's fees lies within the sound
 discretion of the family court and will not be disturbed on appeal absent an
 abuse of discretion."); E.D.M. v. T.A.M., 307 S.C. 471, 476-77, 415
 S.E.2d 812, 816 (1992) ("In determining whether an attorney's fee should
 be awarded, the following factors should be considered: (1) the party's ability to pay his/her own attorney's fee; (2)
 beneficial results obtained by the attorney; (3)
 the parties' respective financial conditions; [and] (4) effect of the attorney's
 fee on each party's standard of living.").
AFFIRMED.
SHORT,
 WILLIAMS, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.